AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Jano MIKAVA<br><br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

6:26-mj- 1616

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 23, 2026 _____ in the county of _____ Orange _____ in the _____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1543 | Forgery or False Use of Passport. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Javier A. Mondejar, CEO, USCBP
_____
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: _____ 05/25/2026 _____

_____
Judge's signature

City and state: _____ Orlando, Florida _____

Nathan W. Hill, U.S. Magistrate Judge
_____
Printed name and title

STATE OF FLORIDA                                  CASE NO. 6:26-mj- 1616

COUNTY OF ORANGE

### AFFIDAVIT

I, JAVIER A. MONDEJAR, Enforcement Officer at Orlando International Airport working for United States Customs and Border Protection ("USCBP") in Orlando, Florida, being duly sworn, state the following in support of the issuance of a criminal complaint:

1.      I am a Criminal Enforcement Officer at Orlando International Airport and have been so employed since 2008. Prior to assuming that position, I was a Customs and Border Protection Officer and have been employed with the agency since 2006. I am responsible for conducting investigations of the criminal statutes contained in the Immigration and Nationality Act, and related offenses contained in Titles 8 and 18 of the United States Code.

2.      The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of USCBP. I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause.

3.      On or about May 23, 2026, Jano MIKAVA (hereinafter "MIKAVA") arrived at Orlando International Airport on board Norse Atlantic Airlines Flight No. 783 from London, United Kingdom. Upon arrival, MIKAVA proceeded to the primary inspection station and requested admission into the United States as a visitor

for pleasure. MIKAVA presented a counterfeit Latvia Passport # LV7685067, with his picture and under the name of "Reinis Burkovskis" with a date of birth of xx/xx/1992[1] and had an approved Electronic System for Travel Authorization (ESTA) number 2J276W6O214082F6 bearing the name "Reinis Burkovskis" to the primary officer. The USCBP Officer reviewed the documents and referred MIKAVA to passport control secondary with the comments "Threat Stream. Please verify intent/poor English/possible first entry/only one backpack/claims one week in U.S."

4.      MIKAVA was issued ESTAS number 2J276W6O214082F6 on May 22, 2026, and it is set to expire on May 22, 2028. MIKAVA had never entered previously. The Arrival and Departure Information System (ADIS) revealed no entry or exits into the United States. Since MIKAVA was not found in any immigration or criminal systems, USCBP officers generated an Alien File number (A# xxx-xxx-012), Fingerprint Identification Number (FINxxxxxx527), and FBI number (#xxxxx9TX).

5.      In Passport Control Secondary USCBP officers ran systems checks and found subject's Latvian passport failed ODIN[2]. During the secondary inspection of MIKAVA, a phone inspection was performed on MIKAVA's cellular telephone.

---

[1] This name and date of birth do not match any known existing person in any law enforcement system.  It is believed that this is a completely fictional persona.

[2] ODIN does not stand for anything specific (i.e., it is not an acronym).  ODIN is a passport analysis tool built for Visa Waiver Program countries. It uses historical passport issuing trends to identify abnormal passports and to notify the CBP officer that a passport may be invalid or fraudulent. ODIN may be used to support the CBP officer by alerting the officer that additional research and scrutiny are needed to determine whether a passport may be altered or counterfeit. However, CBP officers are required to make a determination based on all available data and are not to base a decision solely on the outcome of this tool. Passports are not validated using source government data.

During the phone inspection MIKAVA's true identity was discovered as well as a photo of his Georgia passport. MIKAVA's Georgia passport is passport #23AE00073 with an issue date January 20, 2025 and an expiration date of January 20, 2035. It was issued in MIKAVA's true name.

6.      In passport Control Secondary, MIKAVA was placed under oath and a sworn statement was taken by CBPO officers. All the subject's statements were given freely and voluntarily and the subject stated that he was in good health and capable of providing a statement.  During the sworn statement, MIKAVA stated that he was coming to the United States to transit into Canada. MIKAVA stated that he is Georgian and that he made contact with someone named "Georgie" through WhatsApp/Messenger to obtain a Latvian passport. MIKAVA stated that he was set to pay 4,500 euros to Georgie once he reached Canada. MIKAVA claimed that he didn't know the Latvia passport was fraudulent.

7.      After the border interviews were conducted, USCBP Criminal Enforcement Unit was notified of the incident and responded. The undersigned encountered MIKAVA in passport control secondary, at which time law enforcement computer system checks were conducted and revealed that MIKAVA did not have any encounters or travels into the United States. A review of the Latvian passport made clear that it was counterfeit as security features were missing from the passport pages, including pictures, and the passport book binding and biographical page were coming

3

apart. Additionally, the ESTA appeared to have been acquired by fraud as well, as the name and passport used to apply were completely false.

8.     Based upon the foregoing, your affiant submits that there is probable cause to believe that Juno MIKAVA willfully and knowingly used, and attempted to use, any false, forged, counterfeited, or altered passport and instrument purporting to be a passport, in violation of 18 U.S.C. § 1543.


FURTHER AFFIANT SAYETH NAUGHT.


Javier A Mondejar
Criminal Enforcement Officer
U.S. Customs and Border Protection


Affidavit submitted by email and
attested to me as true and accurate
via video conference and/or telephone
consistent with Fed. R. Crim. P. 4.1
and 41(d)(3), before me this 25th day
of May, 2026.

onora e at an .
United States Magistrate Judge

4